**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 5, 2007**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-50418
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

DARIO HERRERA-MENDEZ, also known as David Duron-Hernandez,
also known as David Hernandez-Duron,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-1984
--------------------

Before JONES, Chief Judge, and KING and DAVIS, Circuit Judges.

PER CURIAM:*

        Dario Herrera-Mendez (Herrera) appeals the 57-month
sentence imposed following his guilty plea conviction for illegal
reentry into the United States in violation of 8 U.S.C. § 1326.
Herrera argues that his sentence at the bottom of the applicable
advisory sentencing guideline range is unreasonable under 18 U.S.C.
§ 3553(a) because it is excessive in relation to the seriousness of
his offense.    Herrera's disagreement with the Sentencing
Commission's assessment of the seriousness of his offense does not

---

        *Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

establish that his sentence was unreasonable.  See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).  His contention that the district court gave inordinate weight to his false statement regarding his alien status is unsupported by the record.

Herrera also argues, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), that the 57-month term of imprisonment imposed in his case exceeds the statutory maximum sentence allowed for the 8 U.S.C. § 1326(a) offense charged in his indictment.  He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Herrera's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Herrera properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

**AFFIRMED.**